IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK MULLANEY and LYNETTE MULLANEY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>HILTON HOTELS CORPORATION, a Delaware corporation, doing business as Hilton Waikaloa Village and ATTCO, INC., a Hawaii corporation,<br><br>      Defendants. | CIVIL NO. 07-00313 ACK-LEK |

**FINDINGS AND RECOMMENDATION GRANTING DEFENDANT'S PETITION**
**FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

      Before the Court is the Petition for Determination of Good Faith Settlement ("Petition"), filed by Defendant Hilton Hotels Corporation, doing business as Hilton Waikoloa Village ("Defendant Hilton"), on August 13, 2009.  On August 19, 2009, Plaintiffs Mark Mullaney and Lynette Mullaney ("Plaintiffs"), filed their joinder in the Petition.  Defendant Attco, Incorporated ("Defendant Attco") filed its statement of no position on August 24, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i.  Upon careful consideration of the Motion and supporting and opposing memoranda, and relevant legal authority, this Court HEREBY FINDS

and RECOMMENDS that the district court grant the Petition.

## BACKGROUND

The instant case arises out of an accident involving Plaintiff Mark Mullaney that occurred on the premises of the Hilton Waikoloa Village, owned and operated by Defendant Hilton. A registration booth, constructed by Defendant Attco, toppled from a gust of wind and struck Plaintiff Mark Mullaney on the head. In their complaint, Plaintiffs allege claims for negligence, product liability, breach of warranty, failure to warn, premises liability, gross negligence and punitive damages. Upon Defendant Hilton's motion for summary judgment, the district court granted judgment in favor of Defendant Hilton on Plaintiffs' claims for products liability, breach of warranty, failure to warn, gross negligence and punitive damages. Plaintiffs' remaining claims against Defendant Hilton are for negligence and premises liability.

Plaintiffs and Defendant Hilton have agreed to a confidential settlement resolving Plaintiffs' remaining claims against Defendant Hilton. Defendant Hilton filed the instant Petition pursuant to Hawai`I Revised Statutes section 663-15.5, seeking a determination that the settlement was in good faith under the circumstances of this case. Defendant Hilton states that the settlement was reached as a result of mediation with Keith Hunter of Dispute Prevention and Resolution and was made in

good faith through those mediated efforts.  The settlement allows Defendant Hilton to avoid the burden of litigating the case and the risk of an adverse result.  Further, Plaintiffs' claims against Defendant Attco are not affected by the settlement with Defendant Hilton nor were they a factor in reaching settlement with Plaintiffs.

## DISCUSSION

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  See Haw. Rev. Stat. § 663-15.5(b).  "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount."  Id.  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the section 663-15.5 analysis of whether a settlement was made in good faith.  See 102 Hawai'I 399, 425, 77 P.3d 83, 109 (2003).  The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability."  See id. at 426, 77 P.3d at 110.  The court therefore

rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.  See id. at 426-27, 77 P.3d at 110-11.  The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

In the instant case, the Court finds that Defendant Hilton and Plaintiffs entered into the settlement in good faith.  This Court held settlement conferences in this matter and is well familiar with the factual and legal issues involved.  After considering the factors set forth in Troyer, the totality of circumstances, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of Hawaii Revised Statutes section

663-15.5.

## CONCLUSION

On the basis of the foregoing, the Court FINDS AND RECOMMENDS that the district court grant Defendant Hilton Hotels Corporation DBA Hilton Waikoloa Village's Petition for Determination of Good Faith Settlement, filed August 13, 2009.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 9, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARK MULLANEY, ET AL. V. HILTON HOTELS CORPORATION, ET AL; CIVIL NO 07-00313 ACK-LEK; FINDINGS AND RECOMMENDATION GRANTING DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**